UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anderson Cooper, Jr., | ) | C/A No. 4:16-cv-01274-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ralph J. Wilson, Sr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Anderson Cooper, Jr. ("Plaintiff") is a pretrial detainee currently housed at the Florence County Detention Center pending trial on undisclosed charges. Plaintiff does not believe his court-appointed counsel is representing him effectively and has made him the sole Defendant in this case. Plaintiff wants this court to relieve Defendant from representation so that Plaintiff can represent himself, and he asks for punitive damages "and any other damage deemed appropriate . . . ." Compl. 3-5, ECF No. 1.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of

1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

This court cannot exercise its federal-question jurisdiction to consider Plaintiff's allegations against his court-appointed criminal defense counsel pursuant to 42 U.S.C. § 1983 because Defendant is not a state actor.[1] To state a plausible claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added).

by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). An attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981 ) (public defender); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) (private attorney representing state actors and paid by the state does not become a state actor by virtue of such representation); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Defendant Wilson, court-appointed criminal defense counsel, is not acting under color of state law in connection with his legal representation of Plaintiff, and, as a result, Plaintiff's Complaint fails to state a plausible § 1983 claim against Defendant. Other than a possible, though as stated above, non-plausible claim under § 1983, no other potential basis for the exercise of federal question jurisdiction in this case is evident from the face of the pleadings.

Liberally construing his pro se pleading, what Plaintiff is claiming in his Complaint is that his criminal defense attorney is liable to him for legal malpractice (also known as legal negligence). In the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal

malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because both Plaintiff and Defendant are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). As result, there is no basis on which this court could exercise its diversity jurisdiction in this case. In absence of either federal question or diversity of citizenship jurisdiction over Plaintiff's allegations, this case is subject to summary dismissal.[2]

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

May 2, 2016                                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] If Plaintiff wishes to discharge his appointed counsel and represent himself on his pending state charges, he should bring those requests before the state court where the criminal charges are pending. The presiding state court judge is the proper official to consider such requests, not this federal court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).